**In re Dr. John C. KELLEHER,
Relator.**

**No. 07–99–0293–CV.**

Court of Appeals of Texas,
Amarillo.

July 13, 1999.

---

Sprouse, Smith & Rowley, P.C., John Ben Blanchard, Lee Ann Reno, Matthew McCann, for appellant.

Before QUINN, REAVIS, and JOHNSON, J.J.

BRIAN QUINN, Justice.

Pending before the court is the motion of Dr. John C. Kelleher for an emergency stay. The latter is allegedly sought to postpone his court ordered deposition scheduled to be taken on July 14, 1999, at 4:00 p.m., in *In re Marriage of Mark Wayne Baskett and Janet Lynn Baskett,* pending in the 47th Judicial District Court. Furthermore, the motion is filed ancillary to a petition for mandamus which has yet to be filed. In other words, Kelleher moved for relief before filing a petition for mandamus, but represents that such a petition will be filed "within 24 hours of the filing of this Motion for Emergency Relief." We dismiss the motion for want of jurisdiction.

The purported authority under which Kelleher acts is Texas Rule of Appellate Procedure 52.10(b). The latter states that the court "may without notice grant any just relief pending the court's action on the petition." *Tex.R.App. Proc.* 52.10(b).[1] Implicit within this rule is the need for a petition to be filed before the court can grant emergency relief. That is, the power of the court to grant emergency measure is ancillary to its power to adjudicate a pending petition for extraordinary relief. Simply put, Rule 52.10 exists to afford the court opportunity to address the dispute encompassed within a petition for mandamus (for instance) by maintaining the status quo until it can address that dispute.

*In re Reed,* 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, *orig. proceeding* ) (involving the predecessor to Rule 52.10). Thus, until a petition is filed, there is no dispute before the court necessitating the preservation of the status quo and, thereby, empowering the court to act pursuant to Rule 52.10.

In sum, one must commence a proceeding under Texas Rule of Appellate Procedure 52.1 before relief can be granted pursuant to Texas Rule of Appellate Procedure 52.10. Because Kelleher has commenced no such proceeding, we lack jurisdiction to grant the motion. Accordingly, we dismiss the motion for want of jurisdiction and without prejudice to his reassertion of same if and when he commences a proceeding under Rule 52.1.

---

1. The petition referred to is a petition for mandamus, injunction, prohibition, habeas corpus or like extraordinary remedy. *See Tex. R.App. Proc.* 52.1 (discussing the mode by which one commences an action for extraordinary relief).