In re Manuela RAMIREZ, Individually and as the Personal Representative of the Estate of Ruben Ramirez, Sr., Deceased, et al., Relators.

No. 13–03–00119–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 27, 2003.

William R. Edwards, III, Angelina Beltran, Edwards Law Firm, L.L.P., Corpus Christi, Jo Emma Arechiga, Marilyn J. Larsen, for relator.

Robert J. Sigler, Donnell Abernethy & Kieschnick, Corpus Christi, Allison E. Whitten, for Christus Spohn Hospital Health System d/b/a Christus Spohn Hospi.

George F. Evans, Jr., Joseph M. Dunn, San Antonio, Laura F. Macom, for Dr. Robert G. Woodrom.

W. Richard Wagner, Patterson & Wagner, San Antonio, for Dr. Scott Peterson.

Harvey Ferguson, Jr., Chaves, Gonzales & Hoblit, L.L.P., Corpus Christi, Carlos Uresti, Uresti & Dulske, San Antonio, for Randy Fuentes.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

HINOJOSA, Justice.

Relators, Manuela Ramirez, individually and as the personal representative of the estate of Ruben Ramirez, Sr., deceased, Claudia N. Hernandez, individually and as the personal representative of the estate of Ruben Ramirez, Sr., deceased, Ruben Ramirez, individually and as the personal representative of the estate of Ruben Ramirez, Sr., deceased, and Natividad Benavides de Ramirez, individually and as the personal representative of the estate of Ruben Ramirez, Sr., deceased, have filed a motion for temporary emergency relief. In the motion, relators request that this Court stay an order signed on February 20, 2003, by respondent, the Honorable Jack E. Hunter, Judge of the 94th District Court of Nueces County, denying their "Motion to Prevent Ex Parte Contact by Defendants (and their Attorneys) With Decedent, Ruben Ramirez, Sr.'s Non–Party Physicians" in cause number 01–4601–C. Relators ask that we stay the order "until the mandamus proceeding is finally decided." However, relators have not filed a petition for writ of mandamus.

Before an appellate court can grant temporary relief under Texas Rule of Appellate Procedure 52.10, an original proceeding must first be commenced. *In re Kelleher,* 999 S.W.2d 51, 52 (Tex.App.-Amarillo 1999, orig. proceeding); *see* TEX. R. APP. P. 52.1, 52.10. Implicit within Rule 52.10 is the necessity for a petition to

be filed before the appellate court can grant emergency relief. *See* TEX. R. APP. P. 52.10. Until a petition is filed, there is no dispute before the court. *In re Kelleher,* 999 S.W.2d at 52.

Because relators have not filed a petition for writ of mandamus, we conclude we have no jurisdiction to consider the motion. Accordingly, we dismiss relators' motion for want of jurisdiction, without prejudice to reassert the motion after commencing a proceeding pursuant to Texas Rule of Appellate Procedure 52.1.