v04061sanctions














NUMBER 13-04-061-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

IN RE: TERMINIX INTERNATIONAL, CO., L.P.
                                                                                                                                      

On Real Parties-in-Interest’s Motion for Sanctions
                                                                                                                      

O P I N I O N

Before Justices Yañez, Rodriguez, and Garza
Opinion by Justice Yañez
 
          On February 11, 2004, real parties-in-interest, Robert and Lola Visintine (“the
Visintines”), filed a motion for sanctions in this original proceeding. On February 12, 2004,
this Court denied the petition for writ of mandamus filed by relator, Terminix International
Company, L.P. (“Terminix”), in Cause No. 02-02762-A in the 28th District Court of Nueces
County, Texas. In the order denying the petition for writ of mandamus, we ordered relator
and relator’s counsel to file a response to the motion for sanctions addressing why
sanctions should not be imposed. On February 17, 2004, we received relator’s response
to the motion for sanctions. On March 16, 2004, the Court heard oral argument on real
parties’ motion for sanctions. The Court, having considered the motion for sanctions,
response, documents on file, and arguments of counsel, is of the opinion that the
imposition of a sanction in the sum of $1,500 is just. 
Background
          On February 5, 2004, relator filed an emergency motion for temporary relief seeking
a stay of proceedings in Cause No. 02-02762-A pending arbitration of claims presented
in the litigation. The emergency motion noted that a docket call in the case was set for
February 13, 2004, and trial was scheduled to begin the week of February 23, 2004. 
Terminix’s motion also stated that it would “promptly file a writ of mandamus” seeking relief
from the trial court’s order denying a stay. The motion contained a “certificate of
compliance” stating that the parties, including real parties, had been notified of its “intention
to file a writ of mandamus and request for temporary relief.” The certificate of service
states that a copy of the motion for emergency relief was served on the parties by telecopy
and certified mail. See Tex. R. App. P. 52.10(a). 
          Later on February 5, 2004, the Visintines filed a response to relator’s motion for
emergency relief. The certificate of service states that a copy of the response was faxed
to all parties.
          On February 6, 2004, Terminix’s petition for writ of mandamus was delivered to this
Court by Federal Express and was filed. Later that afternoon, the Court issued an order
staying proceedings. Due to the immediacy of the docket control setting and trial date, the
order requested real parties to respond to the petition for writ of mandamus on or before
February 11, 2004. A copy of the order was faxed to all parties around 4:00 p.m. on
Friday, February 6, 2004.
          When the Visintines’ counsel, James Clancy, received the Court’s order requesting
a response to Terminix’s petition, he had not received a copy of the petition. He asked a
paralegal to call the Court to verify that the petition had, in fact, been filed. Upon learning
that the petition had been filed with the Court via Federal Express delivery, Clancy asked
the paralegal to contact Terminix’s counsel, William A. Gage, Jr., to inquire as to the
method of service used to serve the petition on opposing counsel. Gage responded that
a copy of the petition was sent out by certified mail on February 5th. Because of the short
deadline for filing a response, the paralegal asked Gage to fax a copy of the petition,
without exhibits. Gage refused to do so. In the response to the Visintines’ motion for
sanctions, Gage explained that “it was almost 5:00 p.m. on Friday, and no one was
available in [his] office to send the fax at that time.” Thus, counsel for the Visintines did
not receive a copy of the petition until after regular mail delivery on Monday, February 9th.
Analysis
          Texas Rule of Appellate Procedure 52.10(a) requires a relator who seeks temporary
relief to notify all parties by expedited means that a motion for temporary relief has been
or will be filed and to certify to the court that it has complied with the rule. Tex. R. App. P.
52.10(a). Before an appellate court can grant temporary relief under rule 52.10, an original
proceeding must first be commenced. In re Kelleher, 999 S.W.2d 51, 52 (Tex.
App.–Amarillo 1999, orig. proceeding); see Tex. R. App. P. 52.1, 52.10. Implicit within rule
52.10 is the necessity for a petition to be filed before the appellate court can grant
emergency relief. See Tex. R. App. P. 52.10. Rule 52.10 exists to afford the court an
opportunity to address the dispute encompassed within a petition for mandamus (for
instance) by maintaining the status quo until it can address that dispute. In re Kelleher,
999 S.W.2d at 52. Until a petition is filed, there is no dispute before the court. Id.
          Counsel for Terminix argues that although Gage’s refusal to fax a copy of the
petition to opposing counsel was “rude,” “ill-advised,” and exhibited a “lack of professional
courtesy,” it does not constitute sanctionable conduct because the manner of service
chosen by Terminix is in compliance with the rules of appellate procedure. See Tex. R.
App. P. 9.5 (providing service may be personal, by mail, by commercial delivery service,
or by fax).
          Here, Terminix filed its motion for emergency relief and petition for mandamus a
week before the docket control setting and less than three weeks before trial was
scheduled to begin. In its motion, Terminix argued it was entitled to “emergency” relief
because of the imminent docket control setting and trial date. The Court responded by
granting the emergency relief and ordering real parties to respond to the mandamus within
five days. When Gage refused to fax a copy of the petition to the Visintines’ counsel, he
was well aware that by doing so, he effectively reduced the Visintines’ response time from
five days to two.
          Courts possess inherent power to discipline an attorney’s behavior. In re Bennett,
960 S.W.2d 35, 40 (Tex. 1997); Johnson v. Johnson, 948 S.W.2d 835, 840-41 (Tex.
App.–San Antonio 1997, writ denied) (relying on court’s inherent power to discipline
attorney misconduct in imposing sanctions against attorney for disparaging remarks about
trial court); Lawrence v. Kohl, 853 S.W.2d 697, 700 (Tex. App.–Houston [1st Dist.] 1993,
no writ) (holding that trial courts have the inherent power to sanction parties for bad faith
abuse of the judicial process not covered by rule or statute); Kutch v. Del Mar College, 831
S.W.2d 506, 509 (Tex. App.–Corpus Christi 1992, no writ) (same).
          The preamble to the Texas Rules of Professional Conduct provides that “[a] lawyer
should demonstrate respect for the legal system and for those who serve it, including
judges, other lawyers, and public officials.” Tex. Disciplinary R. Prof’l. Conduct
preamble § 4, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G, app. A (Vernon 1998)
(Tex. State Bar Rules art. X, § 9). The Texas Rules of Professional Conduct also provide
that “a lawyer shall not take a position that unreasonably increases the costs or other
burdens of the case or that unreasonably delays resolution of the matter.” Tex.
Disciplinary R. Prof’l. Conduct 3.02.
          We conclude that in the circumstances of this case, Gage’s refusal to fax a copy of
the petition for writ of mandamus to opposing counsel was unreasonable and designed to
thwart opposing counsel’s ability to timely and effectively respond to the petition. 
Accordingly, we assess sanctions against relator’s counsel, William A. Gage, Jr., in the
amount of $1,500 to be paid to James Clancy, counsel of record for real parties-in- interest. 
We further order that such sanctions be paid on or before April 19, 2004 by 5:00 p.m. 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


Opinion delivered and filed this the
22nd day of March, 2004.