

# NUMBER 13-08-159-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE  ALLEN McELVANY

---

## On Emergency Motion for Stay

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Per Curiam Memorandum Opinion

Allen McElvany has filed an emergency motion for stay with this Court.  In the motion, McElvany requests that this Court stay an order signed on March 26, 2008, by the Honorable Thomas Greenwell, Judge of the 319th District Court of Nueces County, denying McElvany's motion for protective order in a discovery dispute.  McElvany asks that we stay "all proceedings in the court below until the opposing party has pointed out any error in asserting privilege and until a full evidentiary hearing has been held by the trial court."

As an initial matter, we note that McElhany has filed neither a notice of appeal nor an original proceeding stemming from the disputed order.  An order allowing discovery is

not subject to interlocutory appeal, but may be subject to review by petition for writ of mandamus. *See, e.g., Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (per curiam) ("[An] order that compels overly broad discovery well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy.") (quotations omitted). Accordingly, we construe McElhany's motion in this context.

An original proceeding must be commenced before an appellate court can grant temporary relief under Texas Rule of Appellate Procedure 52.10. *In re Ramirez*, 133 S.W.3d 664, 664-665 (Tex. App.–Corpus Christi 2003, orig. proceeding); *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.–Amarillo 1999, orig. proceeding); *see* Tex. R. App. P. 52.1, 52.10. Until an appropriate petition is filed, there is no dispute before this Court. *See In re Kelleher*, 999 S.W.2d at 52.

Because McElvany has not filed a petition for writ of mandamus, we conclude we have no jurisdiction to consider the emergency motion. Accordingly, this matter is DISMISSED FOR WANT OF JURISDICTION without prejudice to McElvany's right to reassert the motion after commencing a proceeding pursuant to Texas Rule of Appellate Procedure 52.1.

PER CURIAM

Memorandum Opinion delivered and
filed this 27th day of March, 2008.