

# NUMBER 13-08-00177-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF D. K. B., A CHILD

## On Appeal from the 25th District Court
## of Lavaca County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion Per Curiam

Appellant, Cassie Cumby, attempted to perfect an appeal from an order entered by the 25th District Court of Lavaca County, Texas, in cause number 07-04-20,601-CV, which granted grandparent visitation and access. We dismiss the appeal for lack of jurisdiction.

The order subject to appeal was signed on August 23, 2007, but the notice of appeal was not filed until April 3, 2008. On April 18, 2008, the Clerk of this Court notified appellant that the appeal did not appear to have been timely filed so that steps could be taken to correct the defect, if it could be done. The Court requested that appellant file a

response regarding the timeliness of her notice of appeal, including citations to relevant authorities, within ten days from the date of receipt of this Court's letter.

Appellant timely filed her response, in which she contends that her deadline to file the notice of appeal was extended by virtue of stay orders entered by this Court and the Texas Supreme Court in mandamus actions arising from the underlying case. The chronology of relevant events is as follows.

On September 5, 2007, appellant filed a petition for writ of mandamus and motion for emergency relief in this Court, attacking the same order that is now subject to appeal. On September 6, this Court granted appellant's motion for emergency relief and stayed the trial court's order granting grandparent visitation pending further order of this Court, or until the case was finally decided. See Tex. R. App. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). After requesting and receiving a response from the real party in interest, this Court lifted the stay and denied the petition for writ of mandamus on October 15, 2007.

On October 19, appellant filed a request for findings of fact and conclusions of law in the trial court.

On October 26, appellant filed a petition for writ of mandamus and motion for stay in the Texas Supreme Court, again regarding the same order at issue herein. The supreme court stayed the trial court's order on November 29, pending its consideration of the petition for writ of mandamus. On March 28, 2008, the supreme court lifted the stay and denied the petition for writ of mandamus.

On April 3, 2008, appellant filed her notice of appeal herein.

Appellant argues that the periods of time during which the trial court's order was stayed "do not count for purposes of calculating the appellate deadline" to file her notice of appeal and so "the appellate deadlines were not running during these time periods." Appellant thus argues that her request for findings of fact and conclusions of law and her notice of appeal were timely filed. According to appellant, the underlying cause was stayed for 161 of the 224 days following entry of the order subject to appeal, and only 63 "unstayed" days had elapsed since the date of the trial court's order before she filed her notice of appeal. Appellant cites *In re Reed*, 901 S.W.2d 604 (Tex. App.–San Antonio 1995, orig. proceeding), and *In re Kelleher*, 999 S.W.2d 51 (Tex. App.–Amarillo 1999, orig. proceeding), for the proposition that a stay entered in conjunction with a mandamus action, as opposed to a suspension of the execution of a judgment entered in a regular appeal, stays the trial court's entire order and serves to maintain the status quo until it is lifted or there is a final decision. *See Kelleher*, 999 S.W.2d at 52; *Reed*, 901 S.W.2d at 609.

While we agree that a stay order entered in an original proceeding can stay an order of the trial court, and can serve to maintain the status quo until the order of stay is lifted or until there is a final decision in a case, we are unable to agree with appellant's argument that such stays operate to toll the appellate timelines. Neither *Kelleher* nor *Reed* stands for this proposition, and we have found no authority suggesting that this is the case.

The times for filing a notice of appeal are jurisdictional, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal. *See* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension period has passed, a party can no longer invoke an appellate court's

jurisdiction); *see also Barrera v. Canales*, No. 04-01-00221-CV, 2001 Tex. App. LEXIS 3878, *2 (Tex. App.–San Antonio June 13, 2001, no pet.) (per curiam).

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect her appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Memorandum Opinion delivered and
filed this the 8th day of May, 2008.