

NUMBER 13-10-00249-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LUCINDA SANDOVAL,
MAGIC VALLEY BEAUTY
COLLEGE, INC. D/B/A UNIVERSITY
OF COSMETOLOGY ARTS & SCIENCES (UCAS)
AND SAN ANTONIO BEAUTY COLLEGE, INC.,

Appellants,

v.

FIRST NATIONAL BANK,                                          Appellee.

**On Notice of Appeal and/or Original Proceeding
from the 92nd District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion Per Curiam**

On April 26, 2010, Lucinda Sandoval, Magic Valley Beauty College, Inc., d/b/a

University of Cosmetology Arts & Sciences (UCAS) and San Antonio Beauty College, Inc.

(collectively "appellants"), filed a document entitled "Notice of Appeal," in which they stated that they were appealing an order compelling discovery, and further stated that "the appeal of this case is Writ of Mandamus." On May 3, 2010, appellants filed a "Motion for Immediate Relief," in which they request a stay of a discovery order issued on April 27, 2010 "pending this Court's ultimate disposition of the mandamus petition on the merits." The order at issue grants a motion to compel filed against these appellants and orders, inter alia, the production of federal income tax returns, portions of which may be "redacted" if appellants contend they are "immaterial."

In terms of our appellate jurisdiction, neither the "Notice of Appeal" nor the "Motion for Immediate Relief" includes or references any final judgment or appealable order. In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order allowing discovery is not subject to interlocutory appeal, but may be subject to review by petition for writ of mandamus. *See, e.g., Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (per curiam) ("[An] order that compels overly broad discovery well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy.") (quotations omitted).

Appellants have not yet filed a petition for writ of mandamus in this cause or any other, and neither the "Notice of Appeal" nor the "Motion for Immediate Relief" meet the requirements for a petition for writ of mandamus under the appellate rules. *See generally* TEX. R. APP. P. 52. An original proceeding must be commenced before an appellate court

2

obtains jurisdiction to grant relief by motion under the Texas Rules of Appellate Procedure. *See, e.g.*, *In re Ramirez*, 133 S.W.3d 664, 664-665 (Tex. App.–Corpus Christi 2003, orig. proceeding); *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.–Amarillo 1999, orig. proceeding); *see* TEX. R. APP. P. 52.1, 52.10; *see also In re McElvany*, No. 13-08-00159-CV, 2008 Tex. App. LEXIS 2179, at *1-2 (Tex. App.–Corpus Christi Mar. 27, 2008, orig. proceeding) (per curiam) (not designated for publication). Until an appropriate petition is filed, there is no dispute before this Court. *See In re Kelleher*, 999 S.W.2d at 52.

The Court, having examined and fully considered the documents on file, is of the opinion that the documents filed in this cause fail to invoke either our appellate or original jurisdiction. We lack jurisdiction over the issues herein because appellants are not appealing a final judgment or other appealable order and because they have not filed a petition for writ of mandamus in accordance with the appellate rules.

Accordingly, this appeal and motion are DISMISSED FOR WANT OF JURISDICTION without prejudice to the commencement of any other proceeding which may yet be filed in accordance with the appellate rules.

PER CURIAM

Delivered and filed the
4th day of May, 2010.

3