NUMBER 13-10-00134-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________


IN THE INTEREST OF K.B.K., CHILD


____________________________________________________________


On "Motion to Disestablish Paternity."

____________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza

Per Curiam Memorandum Opinion



 Thomas G. Krueck has filed a "Motion to Disestablish Paternity" with this Court
through which he requests that this Court "issue an order to disestablish paternity." The
motion was not filed in conjunction with a final judgment, order, or notice of appeal,
although Krueck asserts that he has filed relevant motions in trial court cause number
98-2584-F in the 214th District Court of Nueces County, Texas. 

 Upon receipt of the motion, the Clerk of this Court notified Krueck that his filing
lacked a notice of appeal and an appealable order, so that steps could be taken to correct
the defect, if it could be done. See Tex. R. App. P. 37.1, 42.3. The Clerk further notified
Krueck that the appeal would be dismissed if the defect was not corrected after the
expiration of ten days from receipt of the Court's notice. In response, Krueck requested
a sixty-day extension of time to file his response to allow him to "find, digest and follow .
. . the Texas Rules of Appellate Procedure." 

 The Court, having fully reviewed and considered the documents herein, concludes
that the motion fails to invoke our appellate or original jurisdiction and is of the opinion that
the cause should be dismissed. 

 In terms of our appellate jurisdiction, the motion filed by Krueck fails to include or
reference any final judgment or appealable order and fails to meet the requirements for a
notice of appeal. See generally Tex. R. App. P. 25.1. The District Clerk of Nueces County
informed us that the trial court record fails to include a final judgment or notice of appeal. 
In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final
judgments and certain interlocutory orders identified by statute. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). 

 Moreover, the "Motion to Disestablish Paternity" fails to meet the requirements for
a petition for writ of mandamus under the appellate rules. See generally Tex. R. App. P.
52. Further, an original proceeding must be commenced before an appellate court obtains
jurisdiction to grant relief by motion under the Texas Rules of Appellate Procedure. See,
e.g., In re Ramirez, 133 S.W.3d 664, 664-665 (Tex. App.-Corpus Christi 2003, orig.
proceeding); In re Kelleher, 999 S.W.2d 51, 52 (Tex. App.-Amarillo 1999, orig.
proceeding); see Tex. R. App. P. 52.1, 52.10. Until an appropriate petition is filed, there
is no dispute before this Court. See In re Kelleher, 999 S.W.2d at 52.

 Because Krueck is not appealing a final judgment or other appealable order, and
because he has not filed a petition for writ of mandamus in accordance with the appellate
rules, we conclude we have no jurisdiction to consider his motion to disestablish paternity. 
Accordingly, this matter is DISMISSED FOR WANT OF JURISDICTION. All pending
motions are DISMISSED as moot.


 PER CURIAM


Delivered and filed the 

27th day of May, 2010.