

NUMBER 13-10-00134-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF K.B.K., CHILD

## On "Motion to Disestablish Paternity."

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Per Curiam Memorandum Opinion

Thomas G. Krueck has filed a "Motion to Disestablish Paternity" with this Court through which he requests that this Court "issue an order to disestablish paternity." The motion was not filed in conjunction with a final judgment, order, or notice of appeal, although Krueck asserts that he has filed relevant motions in trial court cause number 98-2584-F in the 214th District Court of Nueces County, Texas.

Upon receipt of the motion, the Clerk of this Court notified Krueck that his filing lacked a notice of appeal and an appealable order, so that steps could be taken to correct the defect, if it could be done. See Tex. R. App. P. 37.1, 42.3. The Clerk further notified

Krueck that the appeal would be dismissed if the defect was not corrected after the expiration of ten days from receipt of the Court's notice. In response, Krueck requested a sixty-day extension of time to file his response to allow him to "find, digest and follow . . . the Texas Rules of Appellate Procedure."

The Court, having fully reviewed and considered the documents herein, concludes that the motion fails to invoke our appellate or original jurisdiction and is of the opinion that the cause should be dismissed.

In terms of our appellate jurisdiction, the motion filed by Krueck fails to include or reference any final judgment or appealable order and fails to meet the requirements for a notice of appeal. *See generally* TEX. R. APP. P. 25.1. The District Clerk of Nueces County informed us that the trial court record fails to include a final judgment or notice of appeal. In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Moreover, the "Motion to Disestablish Paternity" fails to meet the requirements for a petition for writ of mandamus under the appellate rules. *See generally* TEX. R. APP. P. 52. Further, an original proceeding must be commenced before an appellate court obtains jurisdiction to grant relief by motion under the Texas Rules of Appellate Procedure. See, e.g., *In re Ramirez*, 133 S.W.3d 664, 664-665 (Tex. App.–Corpus Christi 2003, orig. proceeding); *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.–Amarillo 1999, orig. proceeding); *see* TEX. R. APP. P. 52.1, 52.10. Until an appropriate petition is filed, there is no dispute before this Court. *See In re Kelleher*, 999 S.W.2d at 52.

Because Krueck is not appealing a final judgment or other appealable order, and

2

because he has not filed a petition for writ of mandamus in accordance with the appellate rules, we conclude we have no jurisdiction to consider his motion to disestablish paternity. Accordingly, this matter is DISMISSED FOR WANT OF JURISDICTION. All pending motions are DISMISSED as moot.

PER CURIAM

Delivered and filed the
27th day of May, 2010.