

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00220-CV

IN THE MATTER OF THE MARRIAGE OF
MELISSA LEA GUNN EVERSE AND JOHANNES EVERSE

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2009-549,549, Honorable Judy C. Parker, Presiding

July 25, 2013

## ON MOTION FOR TEMPORARY RELIEF

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

On June 18, 2013, the Court issued an opinion and judgment reversing the trial court's judgment concerning division of marital property and remanding the case. Appellee Melissa Lea Gunn Everse has, on July 23, filed a motion advising us that appellant Johannes Everse died on July 10. Her motion also seeks temporary relief pursuant to Texas Rule of Appellate Procedure 52.10(a), in the form of a temporary restraining order to preserve the marital property of the parties until the trial court addresses the remand. *See* Tex. R. App. P. 52.10(a).

Making reference to a pending probate proceeding in Lubbock County initiated by Johanne Everse's son, Stephen Everse, Lea's motion expresses concern that marital property may be sold, destroyed or distributed. She requests a temporary order restraining herself and anyone acting on behalf of her former husband from certain actions until the trial court can address the remanded issues.

As noted, our opinion and judgment in the direct appeal of the divorce decree issued on June 18. No motion for rehearing or en banc reconsideration was filed. And, as noted, by our judgment we remanded the case to the trial court.

Nor is there pending before us an original proceeding. Lea's citation of appellate rule 52.10 as authority for the requested temporary relief is thus misplaced. *See In re Kelleher,* 999 S.W.2d 51, 52 (Tex.App.—Amarillo 1999, orig. proceeding) (before grant of temporary relief under rule 52.10, original proceeding must first be commenced).

For both those reasons, the motion for temporary relief is denied.

Per Curiam