# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00407-CV

## In re H.L. "Larry" Gardner, Jr.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator H.L. "Larry" Gardner, Jr. filed a petition for writ of mandamus on July 3, 2015. *See* Tex. R. App. P. 9.2(c)(4) (establishing that document is deemed filed when transmitted to the filing party's electronic service provider). On that day, this Court notified Gardner that his petition had been rejected for noncompliance with the Rules of Appellate Procedure and notified him that the petition should be resubmitted. As of July 13, 2015, Gardner had not resubmitted his petition. Accordingly, we strike the petition and dismiss the proceeding without prejudice to Gardner's refiling of the petition. *See id.* R. 9.4(k).

In addition, on July 7, 2015, Gardner filed a motion for emergency stay of a contempt hearing set for July 16, 2015. *See* Tex. R. App. P. 52.10(b) (allowing court to grant relief pending court's action on petition for writ of mandamus). Without a conforming petition for mandamus, this Court lacks jurisdiction to grant emergency relief. *See In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding). Until a petition is filed, there is no dispute before the Court necessitating the preservation of the status quo and empowering the Court to act under the authority of Rule 52.10(b). *Id.* In addition, we note that the motion lacked the certificate of

compliance required by Rule 52.10(a) to show that the relator has notified or made a diligent effort to notify all parties by expedited means of the motion's filing. *See In re Wolfe*, No. 2-03-097-CV, 2003 WL 2006582, at *1 (Tex. App.—Fort Worth, Apr. 30, 2003, orig. proceeding) (citing *In re Ahmed*, 42 Tex. Sup. Ct. J. 487, No. 99-0315 (April 8, 1999 order) and striking motion for temporary relief because it did not contain required certificate of compliance). We dismiss the motion for emergency stay for want of jurisdiction and without prejudice to refiling if and when Gardner commences a proceeding under Rule 52.1.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed:  July 14, 2015

2