ACCEPTED
04-17-00791-CV
FOURTH COURT OF APPEALS
12/5/2017 4:13 PM

NO. 04-17-00791-CV

| | | |
|---|---|---|
| In RE GLENN L. WILLIAMS, | § | IN THE COURT OF APPEALS |
| Relator | § | SAN ANTONIO, TEXAS |
| | § | |
| | § | |
| | § | FOURTH JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| | § | SAN ANTONIO, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/5/2017 4:13:57 PM
KEITH E. HOTTLE
CLERK

_____

## RESPONSE TO GLENN WILLIAMS' MOTION FOR EMERGENCY STAY
_____

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW KARL L. WILLIAMS ("Karl Williams" or "Karl"), a real party in interest, and files this RESPONSE TO GLENN WILLIAMS' MOTION FOR EMERGENCY STAY and would show the Court as follows:

## 1. TIMELINE[1]

1.1.1. May 8, 2107 – Notice of deposition and subpoenas duces tecum filed by Glenn Williams for Karl William's attorneys.

1.1.2. May 9, 2017 – Motion to Quash Depositions and Protective Order filed by Karl Williams on notice of depositions and subpoenas duces tecum.

1.1.3. September 21, 2017 – hearing and granting of Motion to Strike Guy James Gray as third-party defendant.

1.1.4. September 21, 2017 – hearing and granting of Motion to Quash Depositions and Protective Order.

1.1.5. November 9, 2017 – order entered on Motion to Quash Depositions and Protective Order.

1.1.6. November 29, 2017 – Relator Glenn Williams amended petition and added tortious interference claim against Guy James Gray as third-party defendant.

1.1.7. December 4, 2017 – Relator files Writ of Mandamus and Motion for Emergency Stay.

1.1.8. December 5, 2107 – order entered to strike Guy James Gray as Third-party defendant. Exhibit A, attached.

1.1.9. December 7, 2017 – hearing set for Karl Williams' Traditional Summary Judgment.

_____

[1] All other relevant orders have been filed by Relator in their Writ, other than the December 5th order.

## 2. INTRODUCTION

2.1. Attorney fees are the basis of this current controversy. Relator Glenn Williams convolutes the time frames when presenting his request for emergency stay and in his writ of mandamus. Facts are disputed. The ruling on the Motion to Quash Depositions and Protective Order were based on pleadings in May 2017. Numerous amendments have occurred and orders rendered, not only since the notice of depositions, but since the court's rulings in September, November, and now December of 2017.

2.2. Relator will claim that one attorney is a party to the suit. However, on September 21, 2017 the court ordered that Guy James Gray is no longer a party to the suit and any actions raised by Relator were moot. (Ordered entered December 5, 2017). On November 29, 2017, *after* the ruling on the deposition and subpoena duces tecum, Realtor amended this Counterclaim against Mr. Gray as a third-party defendant, now raising a tortious interference claim. Relator is trying to now reach back to decisions made in September 21, 2017 and use this to stay all proceedings, failing to let the Court know the true sequence of events.

2.3. This cause was originally scheduled for trial to start on July 10, 2017. A continuance of the trial was granted due to subsequent actions of Relator Glenn Williams.

2.4. The case involves a declaratory judgement on a forged deed, and a counterclaim for breach of contract, constructive trust, and a litany of other causes of action.

2.5. Relator wants to depose all of Karl Williams' attorneys and asks for documents regarding communications. The attorney fees arise due to the declaratory judgment act

and breach of contract claim. However, the attorney fees are not part of the underlying suit. There is no reason to stay the case for ongoing discovery and pending motions.

2.6. On May 8, 2017, Relator served subpoenas/notices via e-filing to take the depositions of real party Karl William's counsel Diana Reinhart and Karl's former counsel Kim Bueno, as well as a notice to depose Guy James Gray, Karl's lead counsel. *See* Exhibits A – C. None of the attorneys are fact witnesses or designated experts in this case. Each of these three subpoenas/notices include a subpoena duces tecum for communications among Karl's lawyers pertaining to this litigation – documents that are unquestionably privileged and/or protected by the work-product doctrine.

2.7. Karl filed his motion to quash Glenn Williams' deposition notices for each of the three attorneys on May 9, 2017 on the basis that they were not parties, experts or fact witnesses and that the information sought was protected attorney client communications and work product.

2.8. A hearing was held on September 21, 2017 to rule on several motions and to set the trial in this matter. On this date the court ruled on the Motion to Quash and Protective Order regarding the depositions of Plaintiff Karl Williams' attorneys, with the Order granting Plaintiff's motion signed on November 9, 2017.  Trial is set for February 12, 2017. Plaintiff's Motion for Traditional Summary Judgment is set for December 7, 2017.

3. **ARGUMENTS AND AUTHORITIES**

3.1. Pursuant to Rule 52.10(b) of the Texas Rules of Appellate Procedure, may grant any "just relief" pending the disposition of an original petition without notice. Tex. R. App. P. 52.10(b). Just relief may include staying the enforcement of an order for purposes of protecting the jurisdiction of the appellate court by maintaining the status quo of the underlying proceeding while the court considers the merits of the original proceeding. *In*

*re Kelleher*, 999 S.W.2d 51, 52 (Tex.App.--Amarillo 1999, orig. proceeding); ***In re Reed*, 901 S.W.2d 604, 609 (Tex.App.--San Antonio 1995, orig. proceeding)**. Karl Williams argues that the relief requested is not just and that his rights to pursue his case will be delayed.

3.2. A hearing on the summary judgment filed by Plaintiff Karl Williams is set for December 7, 2017. Relator (Defendant) Glenn Williams is trying everything he can to delay pending hearings.

3.3. Relator cannot establish that his ability to present a viable claim or defense is "vitiated or severely compromised" by trial court's order denying this form of discovery. There is no reasons for an emergency stay. If need be, the trial date can be changed, or the attorney fees can be severed, but for all other purposes the case can move forward.

3.4. Abating the entire case will affect Karl Williams' ability to pursue his case – specifically to have his motion to strike the third-party defendant and to have his traditional summary judgment motion heard.

PRAYER. Real party in interest Karl Williams' prays the emergency stay is denied and that the case can proceed with scheduled hearings, while the writ of mandamus regarding the deposition and subpoena duces tecum regarding attorney fees is considered.

Respectfully Submitted,

By: _/s/ Carmen Samaniego_
CARMEN SAMANIEGO
State Bar No.: 24027951
515 James Street
Boerne, Texas 78006
Telephone: (210) 802-4888
Facsimile: (888) 224-3924
attorneycarmen@me.com

Guy James Gray – Attorney in Charge
State Bar No. 08336500
Attorney at Law
820 Main Street, Suite 100
Kerrville, Texas 78028
Telephone: (830) 258-4223
Facsimile: (830) 257-6119
gjgray@windstream.net

ATTORNEYS FOR KARL L. WILLIAMS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was served on counsel of record on this 5th day of December, 2017 pursuant to Texas Rules of Civil Procedure:

THE WENHOLZ LAW FIRM, P.C.
Fred Coogan, III
13501 Galleria Circle
Suite W-270
Bee Cave, Texas 78738
*Attorneys for Glenn L. Williams*

Patrick Maguire
PATRICK MAGUIRE, P.C.
945 Barnett Street
Kerrville, Texas 78028
*Attorneys for Glenn L. Williams*

 */s/ Carmen Samaniego*
CARMEN SAMANIEGO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

12/5/2017 4:13:57 PM

KEITH E. HOTTLE
CLERK

# EXHIBIT A

CAUSE NO. CV-13-235

| KARL L. WILLIAMS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 198th JUDICIAL DISTRICT |
| | § | |
| GLENN L. WILLIAMS | § | BANDERA COUNTY, TEXAS |

## ORDER GRANTING KARL L. WILLIAMS'S MOTION TO STRIKE AND MOTION FOR PROTECTIVE ORDER

On this day, came to be considered Karl L. Williams's Motion to Strike and Motion for Protective Order. The Court, having considered the motion and arguments of counsel finds that the motion should be GRANTED.

It is therefore ORDERED that Karl L. Williams's Motion to Strike and Motion for Protective Order is hereby GRANTED.

It is further ORDERED that that Guy James Gray is dismissed as a party from this case.

*Granted 9/21/17 m*

SIGNED this _____5_____ day of ____Dec._____, 2017.

_____
The Honorable Stephen B. Ables

By: _____
CARMEN SAMANIEGO
State Bar No.: 24027951
515 James Street
Boerne, Texas 78006
Telephone: (210) 802-4888
Facsimile: (888) 224-3924
attorneycarmen@me.com

Guy James Gray – Attorney in Charge
State Bar No. 08336500
820 Main Street, Suite 100

Kerrville, Texas 78028
Telephone: (830) 258-4223
Facsimile: (830) 257-6119
gjgray@windstream.net

*ATTORNEYS FOR PLAINTIFF*


By: _____

Fred Coogan, III
State Bar No. 00783866
The Wenholz Law Firm, PLLC
13501 Galleria Circle, Suite W-270
Bee Cave, Texas 78738
Telephone: (512) 478-2211
Facsimile: (512) 478-3625

M. Patrick Maguire
State Bar No. 24002515
M. Patrick Maquire, P.C.
945 Barnett Street
Kerrville, Teas 78028
Telephone: (830) 895-2590
Facsimile: (830) 895-2594

*ATTORNEYS FOR DEFENDANT*