

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00002-CV

---

IN RE DESIREE LEE TIREY, RELATOR

---

ORIGINAL PROCEEDING

---

January 4, 2022

## ORDER ON MOTION FOR EMERGENCY STAY

Before PIRTLE and PARKER and DOSS, JJ.

Relator, D.T., has filed a petition for writ of mandamus with this Court seeking an order directing Respondent, the Honorable John A. Didway, to decline jurisdiction to make a child custody determination in this suit affecting the parent-child relationship pursuant to the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA"). *See* TEX. FAM. CODE § 152.201(a). Additionally, D.T. has filed a motion for emergency stay requesting this Court to stay further proceedings related to the suit affecting parent-child relationship in trial court cause number 10434, pending disposition of her mandamus petition.

"A writ of mandamus is an appropriate means to require a trial court to comply with the UCCJEA's jurisdictional requirements." *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005) (citations omitted). Answering the question of whether the UCCJEA vests the trial

court with jurisdiction potentially affects the court's subject-matter jurisdiction. *In the Interest of A.A.*, No. 07-21-00105-CV, 2021 Tex. App. LEXIS 8117, at *10 (Tex. App.—Amarillo Oct. 5, 2021, no pet. h.).

An appellate court, pursuant to Rule 52.10(b) of the Texas Rules of Appellate Procedure, may grant "any just relief" pending the disposition of an original petition without notice. TEX. R. APP. P. 52.10(b). Just relief may include staying the enforcement of an order for purposes of protecting the jurisdiction of the appellate court by maintaining the status quo of the underlying proceeding while the court considers the merits of the original proceeding. *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding) (Rule 52.10 exists to afford court opportunity to address dispute encompassed within petition for mandamus by maintaining status quo until it can address that dispute)*; In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding). Just relief also includes staying enforcement of orders that might otherwise be found to be void. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012).

D.T.'s petition for writ of mandamus and motion for emergency stay were both filed with this Court on January 4, 2022. She asserts the reporter's record has been paid for and requested but has not been prepared. To afford sufficient time for preparation of the reporter's record and for this Court to review the merits of D.T.'s petition for writ of mandamus and any response filed by real-parties-in-interest, her motion for emergency stay is granted. All trial court proceedings in trial court cause number 10434 are stayed pending further order of this Court.

Per Curiam

2