

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00177-CV

---

IN RE WALTER LYNN JOHNSTON, RELATOR

ORIGINAL PROCEEDING

June 28, 2022

## ORDER ON MOTION FOR EMERGENCY STAY

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator, Walter Lynn Johnston, has filed a petition for writ of mandamus or, in the alternative, writ of habeas corpus seeking an order declaring that the Honorable Leslie Hatch's contempt judgment is void. Contemporaneous to the filing of his petition, Johnston has filed an emergency motion to stay proceedings pending review of his petition.

An appellate court, pursuant to Rule 52.10(b) of the Texas Rules of Appellate Procedure, may grant "any just relief" pending the disposition of an original petition without notice. TEX. R. APP. P. 52.10(b). Just relief may include staying the enforcement of an order for purposes of protecting the jurisdiction of the appellate court by maintaining

the status quo of the underlying proceeding while the court considers the merits of the original proceeding. *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding) (Rule 52.10 exists to afford court opportunity to address dispute encompassed within petition for mandamus by maintaining status quo until it can address that dispute); *In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding) (holding under predecessor to Rule 52.10 that appellate court's temporary order "is not a writ of prohibition against holding the trial; it is a stay order issued ancillary to the mandamus proceeding and for the purpose of protecting our jurisdiction so that we could consider the merits of that mandamus action.").

To afford sufficient time for this Court to review the merits of relator's petition, by order of the Court, relator's motion for an emergency stay is granted. Any further proceedings related to the trial court's order for judgment of contempt for violations of temporary support obligations in cause number 2019-534,357 are stayed until further order of this Court.

Per Curiam