

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00329-CV

---

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, ET AL., RELATORS

---

ORIGINAL PROCEEDING

---

November 8, 2022

## ORDER ON MOTION FOR TEMPORARY RELIEF

### Before QUINN, C.J., and PARKER, and DOSS, JJ.

Relators,[1] have filed a petition for writ of mandamus with this Court seeking an order directing Respondent, the Honorable William Sowder, to vacate his November 1,

---

[1] Relators allege to be the property insurers of real party in interest, Lubbock Independent School District. According to a statement in the petition for mandamus, they are: "First Specialty Insurance Corporation, now known as 'Swiss Re Corporate Solutions Capacity Insurance Corporation,' Colony Insurance Company, Crum & Forster Specialty Insurance Company, Falls Lake Fire and Casualty Insurance Company, Argonaut Management Services, Inc., Underwriters at Lloyd's, London (Canopius Syndicate 4444), Everest Indemnity Insurance Company, Landmark American Insurance Company, Underwriters at Lloyd's, London (Argo Syndicate 1200), Underwriters at Lloyd's, London (Brit Syndicate 2987), Underwriters At Lloyd's, London (Brit Syndicate 2988), Evanston Insurance Company, Arch Specialty Insurance Company, Western World Insurance Company, Lexington Insurance Company, Mitsui Sumitomo Insurance Company Of America, Scottsdale Insurance Company, and Westchester Surplus Lines Insurance Company."

First Specialty Insurance Corporation and Argonaut Management Services, Inc., are alleged to join Relators' Petition, subject to certain limitations. Everest Indemnity Insurance Company is allegedly named improperly in this suit as "Everest Insurance Company." For purposes of identity in addressing this motion,

2022 order denying their plea in abatement and enter an order granting their plea in abatement.[2]  Contemporaneous to the filing of their petition, Relators have filed a motion to stay proceedings pending review of their petition.

An appellate court, pursuant to Rule 52.10(b) of the Texas Rules of Appellate Procedure, may grant "any just relief" pending the disposition of an original petition without notice.  TEX. R. APP. P. 52.10(b).  Just relief may include staying the enforcement of an order for purposes of protecting the jurisdiction of the appellate court by maintaining the status quo of the underlying proceeding while the court considers the merits of the original proceeding.  *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding) (Rule 52.10 exists to afford court opportunity to address dispute encompassed within petition for mandamus by maintaining status quo until it can address that dispute).

Relators' motion to stay all proceedings in trial court cause number DC-2022-CV-0909 was filed November 4, 2022.  To afford sufficient time for this Court to review the merits of the petition for writ of mandamus, the motion to stay trial court proceedings is granted.  All trial court proceedings in trial court cause number DC-2022-CV-0909 are stayed until further order of this Court.

Per Curiam

---

we define "Relators" as each of the foregoing entities.  We express no opinion as to the sufficiency of the limitations or names alleged by any party.

[2] *See* TEX. INS. CODE ANN. § 542A.005 (providing procedure of abatement of action if a person against whom an action to which Chapter 542A applies is pending did not receive a presuit notice complying with Section 542A.003).