ACCEPTED
15-25-00032-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/2/2025 9:07 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00032-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/2/2025 9:07:44 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH DISTRICT COURT OF APPEALS FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

**Nonparty Patient No. 1, Nonparty Patient No. 2, Nonparty Patient No. 3, Nonparty Patient No. 4, Nonparty Patient No. 5, Nonparty Patient No. 6, Nonparty Patient No. 7, Nonparty Patient No. 8, Nonparty Patient No. 9, Nonparty Patient No. 10, and Nonparty Patient No. 11,**
*Relators*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas,
Cause No. 493-08026-2024 The Honorable Judge Christine A. Nowak, Presiding

## NONPARTY PATIENTS' SECOND EMERGENCY MOTION TO STAY PENDING PETITION FOR WRIT OF MANDAMUS

Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
Jonathan Hung
Texas Bar No. 24143033
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
owogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

1

Because UTSW has begun producing documents in contravention of this Court's March 21, 2025 Order, Relators respectfully request this Court grant their Second Emergency Motion to Stay for the reasons detailed below.

## BACKGROUND

On March 20, 2025, the Collin County court issued a production order in relation to subpoenas served onto two hospitals in Dallas County: Children's Health System of Texas ("Children's") and UT Southwestern Medical Center ("UTSW"). Although production orders are usually straightforward, the Collin County court's was not. Its order had three components. First, Children's had to produce records of unrepresented patients to two physicians on the morning of March 21, 2025, even though those records may commingle Relators' information with the unrepresented patients'. Pet. at 6. Second, Children's had to produce Relators' medical records to the undersigned counsel that same day. *Id.* And third, UTSW had to produce records for both the unrepresented patients and Relators in batches once it determined which attorney would represent it.[1] *Id.*

Shortly after midnight, on March 21, 2025, Relators Nonparty Patients filed their Petition for Writ of Mandamus. Among other relief, Relators asked this Court

---

[1] UTSW initially obtained private counsel to respond to the subpoenas. *See generally*, Ex. A. The Attorney General's Office ("AGO") intervened, arguing roughly that UTSW was required to seek the AGO's permission before obtaining private counsel or seek representation through the AGO. *Id.*

to "order[] the Collin County court to stay the production of documents pursuant to the subpoenas challenged in Dallas County until the Dallas County court rules on the pending Motions for Protection." *Id.* at 15. Relators' petition made clear that only the Dallas County court can decide how, and whether, the two subpoenaed hospitals should produce documents. *Id.* at 9–14.

Because Children's production would begin a few hours after Relators filed their mandamus petition and UTSW's production obligations could trigger at any moment, Relators also filed an Emergency Motion to Stay. *See* Mot. to Stay. Recognizing that the Nonparty Patients may suffer irreparable harm absent appellate intervention, the Court granted the Relators' motion and ordered "that the trial court's oral order of March 20, 2025, is stayed pending a final decision by this Court on relators' petition for writ of mandamus, or until further order of this Court." *See* Order re Mot. to Stay. As Relators interpret this order, the order stayed the *entirety* of the Collin County court's March 20, 2025 order. Stated differently, this Court's stay order paused production obligations for *both* Children's and UTSW.

On March 26, the Collin County court held a hearing on two motions: the State of Texas's Motion to Seal Court Records and Nonparty Children's Health

System of Texas's ("Children's") Unopposed Motion to Seal Court Records. Ex. B at 5:2-14.[2]

After the Collin County court orally granted the two motions, it discussed UTSW's production obligations under the subpoena served on it by the State of Texas. *Id.* at 7:15-8:12. The court stated:

> In light of the fact that UT Southwestern does now have counsel, obviously the Court stayed any protection from UT Southwestern pending them having counsel of record. Now that they will have counsel, the Court hereby reinstates its prior order to UT Southwestern to produce the relevant documents that have been ordered in connection with roll one.

*Id.* at 8:6-12.

Later in the hearing, the court continued and stated:

> For Children's I had ordered production to begin on a rolling basis as of March 21st, and since we've already past the March 21 date, UT Southwestern's obligations would kick in now as well as a rolling production.

*Id.* at 11:7-11.

The only way to read this order in light of this Court's March 21 Order on Relators' Motion to Stay is that UTSW's production was no longer affected by the stay specific to it and related to its retention of counsel. However, the State chose to read this language from the Collin County court as requiring ***immediate*** production

---

[2] Counsel for Relators was in attendance at this hearing, but did not make an appearance on the record. Nguyen Decl. ¶¶ 1–6.

from UTSW, over the objections of Relators. Ex. C at 7. The State eventually acquiesced to allowing a one-week extension of production. *Id.* at 1.

Later, due to the evident confusion of the State, the Collin County court, through Ms. Amy Patterson, Court Coordinator, clarified that:

> The Court merely intended to clarify at the hearing on the motion to seal which it had anticipated all parties would be present at that in light of the resolution of the Rule 12 motion ***it believed UTSW was subject to the same production requirements applicable to Children's. The Court is aware of the stay in light of the mandamus proceeding*** the court is just merely trying to ensure that any issues with UTSW and Children's are moving forward on the same track. I hope that is helpful please advise if you need anything from the Court at this time.

Ex. D at 1 (emphasis added).

To Relators, this confirmed that the Collin County court likewise believed that UTSW's production was subject to the Order from this Court. Relators therefore thought that was the end of the matter.

However, today, on April 2, UTSW produced documents pursuant to the subpoenas complained about in Relators Petition. Ex. E at 3. What is more, they did so via an unsecured link in an email sent to Relators ***and the State***. *Id.* at 1-3. Though apparently there was meant to be security precautions in place so that the State could not access the unredacted documents, this was not the case—the State could access the files. When questioned, UTSW stated that "it is UTSW's position that the stay of discovery ordered by the 15th Court applies only to Children's, not UTSW.

5

Indeed, the 493rd is aware of the orders issued by the 15th Court, and nevertheless ordered this." *Id.* at 2.

Thus, Relators now seek a Second Emergency Stay that (1) confirms that this Court's stay applies to any production sought under the subpoenas complained of in Relators' Petition, and (2) orders the State, and anyone else who received records from UTSW, to destroy any such records to the extent that it has not already done so.

**DISCUSSION**

To the extent that any order from the Collin County court obligates UTSW to produce documents, the Collin County court has improperly usurped the Dallas County court's jurisdiction to determine what protections should be in place for the forthcoming production, including how it should be reviewed and adjudicating the existence and handling of potential commingled records. Pet. at 9–14. Relators recognize that this issue is pending before the Court. Because the Court still must adjudicate Relators' primary contention, it is procedurally improper for the Collin County court to sail past the issue pending in this Court and decide it for the Court. The Collin County court recognized as much, when it stated that it was "aware of the stay in light of the mandamus proceeding" and that "the court is just merely trying to ensure that any issues with UTSW and Children's are moving forward on the same track." Ex. D at 1. This confirms that it was the Collin County court's

6

understanding that the UTSW productions were stayed to the same effect that the Children's productions were.

However, the State has shown it will not stop attempting to disturb the status quo absent a firm and direct order that stays any productions in Collin County under its subpoenas to the hospital systems while this petition is pending. *See generally*, Ex. C (email chain in which the State initially insisted on immediate production, even though UTSW's newly retained attorneys required time to familiarize themselves with the case and review records themselves). Its demands for expediency are hollow. Even though the State keeps invoking a nonexistent emergency to argue production must commence, it went ahead and asked this Court for two additional weeks to file its response brief. *See* Mot. for Extension. If the State needed UTSW's documents *now*, it follows that it also needs Children's documents immediately. Asking for an extension belies any contention that the State must hold patient records from Children's and UTSW at this very instant.

It is clear from the proceedings below that the State will continue trying to artificially subdivide the subpoena such that some portions encompassed fall outside of this Court's purview. It is also equally clear that it will continually encourage the Collin County court and UTSW to follow along with the State's circumvention strategy and have that court determine which portions it will adjudicate and which

portions the Dallas County Court will adjudicate, when that question is squarely before this court in Relators' mandamus petition.

Finally, UTSW's position that "the stay of discovery ordered by the 15th Court applies only to Children's, not UTSW" is without merit. *See* Ex. E at 2. Relators' Petition and Motion to Stay sought protection from production under the subpoenas from **both** hospitals, and this Court's order made no distinction between them. UTSW's argument that a later order by the Collin County court superseded this Court's order is unavailing both because that is not what the Collin County court ordered, as discussed above, and because the Collin County court would not have authority to lift a stay imposed by this Court.

Thus, for substantially the same reasons Relators iterated in their first emergency motion for a stay, Relators seek yet another one at this time. *See* Mot. to Stay (citing Tex. R. App. P. 52.10(b); *In re Johnston*, 2022 WL 2376294 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding); *In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding).

## CONCLUSION

For the foregoing reasons, Relators ask that this Court enter a stay to maintain the status quo until the merits of their mandamus petition can be fully adjudicated. Specifically, Relators ask the Court to clarify that its previous stay order issued on

8

March 21, 2025 applies to UTSW's production obligations. Relators further request that this Court order the destruction of any documents produced by UTSW under the subpoena by any party who received them.

April 2, 2025

Respectfully Submitted,

 */s/ Evan D. Lewis*

Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
Jonathan Hung
Texas Bar No. 24143033
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
owogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

**ATTORNEYS FOR RELATORS**

**CERTIFICATION OF COMPLIANCE WITH TRAP 52.10(a)**

I hereby certify compliance with Tex. R. App. P. 52.10(a). Both Respondent and Real Party in Interest The State of Texas were notified of this Second Emergency Motion for to Stay via email on April 2, 2025.

*/s/ Evan D. Lewis*

Evan D. Lewis

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served upon all interested parties pursuant to TRAP 9.5(b)(2).

*/s/ Evan D. Lewis*

Evan D. Lewis

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sarah Shelby on behalf of Evan Lewis
Bar No. 24116670
SShelby@winston.com
Envelope ID: 99215365
Filing Code Description: Motion for Emergency Relief
Filing Description: Nonparty Patients' Second Emergency Motion to Stay Pending Petition for Writ of Mandamus
Status as of 4/3/2025 7:04 AM CST

Associated Case Party: NonParty Patient No. 1

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jervonne Newsome | | JNewsome@winston.com | 4/2/2025 9:07:44 PM | SENT |
| Thanh Nguyen | | TDNguyen@winston.com | 4/2/2025 9:07:44 PM | SENT |
| William Logan | | WLogan@winston.com | 4/2/2025 9:07:44 PM | SENT |
| Evan Lewis | | edlewis@winston.com | 4/2/2025 9:07:44 PM | SENT |
| Olivia Wogon | | owogon@winston.com | 4/2/2025 9:07:44 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 4/2/2025 9:07:44 PM | SENT |
| David G. Shatto | | david.shatto@oag.texas.gov | 4/2/2025 9:07:44 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 4/2/2025 9:07:44 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 4/2/2025 9:07:44 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 4/2/2025 9:07:44 PM | SENT |
| Houston Docketing | | ecf_houston@winston.com | 4/2/2025 9:07:44 PM | SENT |
| Jamie Vargo | | JVargo@winston.com | 4/2/2025 9:07:44 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 4/2/2025 9:07:44 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 4/2/2025 9:07:44 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 4/2/2025 9:07:44 PM | SENT |