## In re TERMINIX INTERNATIONAL, CO., L.P.

### No. 13–04–061–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 22, 2004.

---

Ann E. Webb, Buck, Keenan & Gage, William A. Gage, Jr., Buck, Keenan & Owens, Houston, for relator.

Heather Westerman, James T. Clancy, Matthews & Branscomb, Thomas M. Schumacher, Corpus Christi, for real parties-in-interest.

James Ward, pro se.

Before Justices YAÑEZ, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice YAÑEZ.

On February 11, 2004, real parties-in-interest, Robert and Lola Visintine ("the Visintines"), filed a motion for sanctions in this original proceeding. On February 12, 2004, this Court denied the petition for writ of mandamus filed by relator, Terminix International Company, L.P. ("Terminix"), in Cause No. 02–02762–A in the 28th District Court of Nueces County, Texas. In the order denying the petition for writ of mandamus, we ordered relator and relator's counsel to file a response to the motion for sanctions addressing why sanctions should not be imposed. On February 17, 2004, we received relator's re-

sponse to the motion for sanctions. On March 16, 2004, the Court heard oral argument on real parties' motion for sanctions. The Court, having considered the motion for sanctions, response, documents on file, and arguments of counsel, is of the opinion that the imposition of a sanction in the sum of $1,500 is just.

## Background

On February 5, 2004, relator filed an emergency motion for temporary relief seeking a stay of proceedings in Cause No. 02–02762–A pending arbitration of claims presented in the litigation. The emergency motion noted that a docket call in the case was set for February 13, 2004, and trial was scheduled to begin the week of February 23, 2004. Terminix's motion also stated that it would "promptly file a writ of mandamus" seeking relief from the trial court's order denying a stay. The motion contained a "certificate of compliance" stating that the parties, including real parties, had been notified of its "intention to file a writ of mandamus and request for temporary relief." The certificate of service states that a copy of the motion for emergency relief was served on the parties by telecopy and certified mail. *See* TEX. R. APP. P. 52.10(a).

Later on February 5, 2004, the Visintines filed a response to relator's motion for emergency relief. The certificate of service states that a copy of the response was faxed to all parties.

On February 6, 2004, Terminix's petition for writ of mandamus was delivered to this Court by Federal Express and was filed. Later that afternoon, the Court issued an order staying proceedings. Due to the immediacy of the docket control setting and trial date, the order requested real parties to respond to the petition for writ of mandamus on or before February 11,

2004. A copy of the order was faxed to all parties around 4:00 p.m. on Friday, February 6, 2004.

When the Visintines' counsel, James Clancy, received the Court's order requesting a response to Terminix's petition, he had not received a copy of the petition. He asked a paralegal to call the Court to verify that the petition had, in fact, been filed. Upon learning that the petition had been filed with the Court via Federal Express delivery, Clancy asked the paralegal to contact Terminix's counsel, William A. Gage, Jr., to inquire as to the method of service used to serve the petition on opposing counsel. Gage responded that a copy of the petition was sent out by certified mail on February 5th. Because of the short deadline for filing a response, the paralegal asked Gage to fax a copy of the petition, without exhibits. Gage refused to do so. In the response to the Visintines' motion for sanctions, Gage explained that "it was almost 5:00 p.m. on Friday, and no one was available in [his] office to send the fax at that time." Thus, counsel for the Visintines did not receive a copy of the petition until after regular mail delivery on Monday, February 9th.

### Analysis

 Texas Rule of Appellate Procedure 52.10(a) requires a relator who seeks temporary relief to notify all parties by expedited means that a motion for temporary relief has been or will be filed and to certify to the court that it has complied with the rule. Tex.R.App. P. 52.10(a). Before an appellate court can grant temporary relief under rule 52.10, an original proceeding must first be commenced. *In re Kelleher*, 999 S.W.2d 51, 52 (Tex.App.-Amarillo 1999, orig. proceeding); *see* Tex. R.App. P. 52.1, 52.10. Implicit within rule 52.10 is the necessity for a petition to be filed before the appellate court can grant

emergency relief. *See* Tex.R.App. P. 52.10. Rule 52.10 exists to afford the court an opportunity to address the dispute encompassed within a petition for mandamus (for instance) by maintaining the status quo until it ·can address that dispute. *In re Kelleher*, 999 S.W.2d at 52. Until a petition is filed, there is no dispute before the court. *Id.*

Counsel for Terminix argues that although Gage's refusal to fax a copy of the petition to opposing counsel was "rude," "ill-advised," and exhibited a "lack of professional courtesy," it does not constitute sanctionable conduct because the manner of service chosen by Terminix is in compliance with the rules of appellate procedure. *See* Tex.R.App. P. 9.5 (providing service may be personal, by mail, by commercial delivery service, or by fax).

Here, Terminix filed its motion for emergency relief and petition for mandamus a week before the docket control setting and less than three weeks before trial was scheduled to begin. In its motion, Terminix argued it was entitled to "emergency" relief because of the imminent docket control setting and trial date. The Court responded by granting the emergency relief and ordering real parties to respond to the mandamus within five days. When Gage refused to fax a copy of the petition to the Visintines' counsel, he was well aware that by doing so, he effectively reduced the Visintines' response time from five days to two.

 Courts possess inherent power to discipline an attorney's behavior. *In re Bennett*, 960 S.W.2d 35, 40 (Tex.1997); *Johnson v. Johnson*, 948 S.W.2d 835, 840–41 (Tex.App.-San Antonio 1997, writ denied) (relying on court's inherent power to discipline attorney misconduct in imposing sanctions against attorney for disparaging remarks about trial court); *Lawrence v. Kohl*, 853 S.W.2d 697, 700 (Tex.App.-Hous-

ton [1st Dist.] 1993, no writ) (holding that trial courts have the inherent power to sanction parties for bad faith abuse of the judicial process not covered by rule or statute); *Kutch v. Del Mar College,* 831 S.W.2d 506, 509 (Tex.App.-Corpus- Christi 1992, no writ) (same).

The preamble to the Texas Rules of Professional Conduct provides that "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials." TEX. DISCIPLINARY R. PROF'L. CONDUCT preamble § 4, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon 1998) (TEX. STATE BAR RULES art. X, § 9). The Texas Rules of Professional Conduct also provide that "a lawyer shall not take a position that unreasonably increases the costs or other burdens of the case or that unreasonably delays resolution of the matter." TEX. DISCIPLINARY R. PROF'L. CONDUCT 3.02.

We conclude that in the circumstances of this case, Gage's refusal to fax a copy of the petition for writ of mandamus to opposing counsel was unreasonable and designed to thwart opposing counsel's ability to timely and effectively respond to the petition. Accordingly, we assess sanctions against relator's counsel, William A. Gage, Jr., in the amount of $1,500 to be paid to James Clancy, counsel of record for real parties-in-interest. We further order that such sanctions be paid on or before April 19, 2004 by 5:00 p.m.