

# NUMBER 13-15-00056-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE ANDREW VANBLARCUM AND JAMES VANBLARCUM

## On Petition for Writ of Mandamus.

## ORDER

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Per Curiam Order

Andrew VanBlarcum and James VanBlarcum, filed a petition for writ of mandamus and motion for emergency stay in the above cause on February 4, 2015. Through this original proceeding, relators contend that the trial court erred in denying their plea in abatement based on dominant jurisdiction. This Court granted the emergency stay and ordered the trial court proceedings to be stayed pending further order of this Court, or until the case is finally decided. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). This Court also requested that the real party in interest, Nexus Integrity Management, LLC ("Nexus"), or any others whose interest would be directly affected by the relief sought,

file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of this order.  *See id.* R. 52.2, 52.4, 52.8.

Currently before the Court are:  (1) Real Party in Interest Nexus Integrity Management, LLC's Emergency Motion for Reconsideration of Order Granting Temporary Relief, or Alternatively, for Bond; (2) Relators' Response to Real Party in Interest Nexus Integrity Management, LLC's Emergency Motion for Reconsideration of Order Granting Temporary Relief, or Alternatively, for Bond; (3) Reply to Relators' Response to Real Party in Interest Nexus Integrity Management, LLC's Emergency Motion for Reconsideration of Order Granting Temporary Relief, or Alternatively, for Bond; and (4) Relators' Sur-Reply to Real Party in Interest Nexus Integrity Management, LLC's Emergency Motion for Reconsideration of Order Granting Temporary Relief, or Alternatively, for Bond.

By its emergency motion, Nexus asserts that the injunctive relief granted in the trial court's January 14, 2015 temporary restraining order will expire on February 11, 2015 due to this Court's stay of the underlying proceeding because the stay will prevent the parties from proceeding with the temporary injunction hearing currently scheduled for February 9, 2014.  Nexus asserts that the injunction hearing is necessary "to prevent Andrew VanBlarcum from unlawfully working [for] a competitor within ten (10) miles from Nexus's office, soliciting Nexus's customers, soliciting Nexus's employees, soliciting work on jobs Nexus disclosed to Andrew VanBlarcum in confidence, and from sending Nexus's confidential information to Nexus's competitor to be used to unfairly compete against Nexus." Nexus thus requests that we lift our stay in order to allow the temporary injunction hearing to proceed, or alternatively, that we require relators to post a bond in the amount of $1,000,000 while this original proceeding is pending.  In response, relators contend,

2

inter alia, that the temporary restraining order is void and the trial court lacks jurisdiction over this case. Both parties accuse the other of misrepresenting the course of the underlying proceedings.

Given the foregoing, we DENY all relief sought in Nexus's emergency motion, the response thereto, and the reply, however, we issue the following amended stay order with respect to this original proceeding. Under Texas Rule of Appellate Procedure 52.10, we may "grant any just relief pending the court's action on the petition." *See* TEX. R. APP. P. 52.10(b). Rule 52.10 exists to afford an appellate court the opportunity to address the dispute encompassed within a petition for writ of mandamus by maintaining the status quo until it can address that dispute. *See In re Terminix Intern., Co., L.P.*, 131 S.W.3d 651, 653 (Tex. App.—Corpus Christi 2004, no pet.); *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding); *see also In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding). We order all trial court proceedings stayed; however, to maintain the status quo, the directives contained in the trial court's temporary restraining order of January 14, 2015 will remain in effect pending further order of this Court or resolution of this original proceeding. *See* TEX. R. APP. P. 52.10(b).

The parties to this original proceeding have spent a great deal of effort accusing each other of misrepresentation and deceit in the filings presented to the trial court and this Court. We encourage the parties to focus on the legal issues presented in this matter and avoid further ad hominin attacks and gamesmanship. *See generally id.* R. 52.11.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the 6th
day of February, 2015.

3