Opinion issued July 16, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00375-CV

_____

**THOMAS PHILLIPS, Appellant**

**V.**

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Appellee**

On Appeal from County Court
Waller County, Texas
Trial Court Case No. C17-129

## MEMORANDUM OPINION

After his home was damaged during Hurricane Harvey, Thomas Phillips sued American Bankers Insurance Company of Florida ("ABIC") for breaching the homeowner's policy it had issued to him. ABIC moved to dismiss the suit based on

Rule of Civil Procedure 91a and Insurance Code Chapter 542A.[1] The trial court granted the motion and signed a judgment dismissing the suit without prejudice to refiling it. Less than 30 days later, ABIC filed a motion to modify the judgment. The trial court denied the motion but signed an order awarding, among other relief, sanctions to ABIC to be paid, jointly and severally, by Phillips and his attorney.

On appeal, Phillips raises three issues. In his first issue, Phillips claims that the trial court lacked plenary power to award the post-judgment sanctions. In his second and third issues, Phillips contends that the trial court abused its discretion in sanctioning him.

We disagree that the trial court lacked plenary power to sign the post-judgment order, but we agree with Phillips that the trial court abused its discretion in sanctioning him. Accordingly, we reverse the trial court's award of sanctions against Phillips and render judgment that ABIC take nothing from him. We otherwise affirm the judgment.

## Background

Phillips filed a claim with ABIC under his homeowner's policy to recover insurance money for damage to his home caused by Hurricane Harvey. Phillips retained counsel who sued ABIC on Phillips's behalf. The suit alleged that the two sides could not agree regarding the amount of loss to the home. Phillips's amended

---

[1] *See* TEX. R. CIV. P. 91a.1–.9; TEX. INS. CODE §§ 542A.001–.007.

petition claimed that ABIC breached the insurance policy by refusing to engage in the appraisal process as the policy required. Phillips asked the trial court to order ABIC to participate in the appraisal process.

ABIC answered and moved to dismiss the suit. ABIC asserted that the suit should be dismissed because the breach of contract claim was not ripe. ABIC pointed out that, under the terms of the insurance policy, an appraisal was not required until Phillips made a written demand for an appraisal, and he had not made such a demand.

Citing Supreme Court of Texas case authority, ABIC explained that an appraisal is intended to take place before a suit is filed as a condition precedent to suit. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009). ABIC relied on the supreme court's statement that "[a]ppraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings." *Id.* And ABIC pointed out that "the right to demand an appraisal accrues when the parties reach an impasse in their negotiations" regarding the amount of loss. *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding). ABIC indicated that no impasse had been reached. ABIC stated that, to the contrary, the parties were still in the pre-suit stages, attempting to resolve the insurance claim without the necessity of litigation. ABIC also asserted that the suit should be

dismissed because Phillips did not comply with Insurance Code Chapter 524A's pre-suit notice requirements. *See* TEX. INS. CODE §§ 542A.001–.007.[2]

In its motion to dismiss, ABIC also sought attorney's fees and sanctions. ABIC requested sanctions against Phillips and his attorney under Rule 13 of the Rules of Civil Procedure and Chapters 9 and 10 of the Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE §§ 9.001–.014, 10.001–.006. ABIC claimed that it was entitled to sanctions because Phillips's petition was frivolous and groundless.

At the hearing on the motion to dismiss, ABIC asserted that the suit should be dismissed because Phillips had not complied with the pre-suit notice requirements of Insurance Code Chapter 542A. ABIC also emphasized that Phillips's breach of contract claim, based on the allegation that ABIC would not engage in the appraisal process, was premature because ABIC had not been given the opportunity to conduct an appraisal. ABIC explained that Phillips had not invoked the appraisal process by providing ABIC proper written notification regarding his claim. ABIC stated that Phillips had provided an estimate of his

---

[2] Chapter 542A applies to an action on a claim against an insurer, including actions alleging breach of contract. *See* TEX. INS. CODE § 542A.002(a)(1). Section 542A.003 provides that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice" that complies with the specific requirements of that section. *Id.* § 542A.003.

damages to ABIC but had done so less than a week before the hearing, not affording ABIC an opportunity to begin the appraisal process.

To provide ABIC the opportunity to engage in the appraisal process, the trial court recessed the hearing for two weeks. ABIC immediately appointed an appraiser. The appraiser went to Phillips's home where the appraiser discovered that Phillips had already made repairs. Because the home had been repaired, an appraisal could not be performed.

When the hearing on the dismissal motion reconvened, ABIC informed the trial court that it could not conduct the appraisal because the home had been repaired. The trial court noted on the record that the relief Phillips had requested was an order requiring ABIC to appraise the home. The trial court agreed with ABIC that the suit should be dismissed because Phillips's claim for appraisal was mooted by the repair of the home.

Phillips opposed the dismissal. He asserted that he anticipated ABIC would ultimately deny coverage under the insurance policy. The trial court informed Phillips that it would dismiss the suit without prejudice, allowing Phillips to refile the suit should he ultimately believe coverage was wrongfully denied.

At the end of the hearing, Phillips's counsel asked whether the dismissal order would include sanctions, and ABIC's counsel stated on the record that the order would not include sanctions. On January 18, 2018, the trial court signed an

order dismissing the case without prejudice. No sanctions or attorney's fees were awarded.

Less than 30 days later, on February 13, 2018, ABIC filed a motion to modify the judgment of dismissal. ABIC requested $9,287.31 for attorney's fees it claimed to have incurred from the filing of Phillips's suit through the suit's dismissal. ABIC asserted it was entitled to these fees under Rule of Civil Procedure 91a.7. It offered the affidavit of its attorney to support the amount of the fees.

In the motion to modify, ABIC also informed the trial court that "the appraisal of the underlying insurance claim remain[s] ongoing." ABIC explained that, after the suit was dismissed, it sent a letter to Phillips's attorney and copied Phillips, requesting Phillips and his wife to submit to an examination under oath ("EUO") as part of its investigation of Phillips's claim. ABIC relied on a provision in the insurance policy requiring Phillips to submit to an EUO if requested.

The EUO was scheduled to take place at the courthouse in Hempstead, Texas on January 30, 2018. ABIC never heard from Phillips or his attorney regarding whether they would attend the EUO. On the day of the EUO, ABIC's attorney drove from Fort Worth to Hempstead; however, neither Phillips nor his attorney showed up for the EUO.

In its motion to modify, ABIC also sought "abatement of the appraisal process" and recovery of its attorney's fees incurred for its attorney to travel from Fort Worth to Hempstead for the EUO. ABIC asserted that Phillips's "failure to appear at the EUO as required in the policy breached an underlying condition of the insurance contract." ABIC requested "its reasonable costs and attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code."[3] ABIC claimed, "The total reasonable and necessary attorney's fees and costs incurred by ABIC between dismissal of the underlying suit on January 18, 2018 through February 8, 2018 was $3,954.12." ABIC did not request sanctions in the motion.

The trial court conducted a telephonic hearing on ABIC's motion to modify the dismissal judgment. On February 22, 2018, the trial court signed an order regarding the motion, which provides as follows:

> After considering ABIC's Motion [to Modify], evidence and arguments of counsel, the Court makes the following findings:
>
> 1. The Court properly granted ABIC's Motion to Dismiss by Order entered and rendered January 18, 2018;
>
> 2. This Court retains plenary power to modify the January 18, 2018 Order under Rule 329b(g) of the Texas Rules of Civil

---

[3] Under Chapter 38 of the Civil Practice and Remedies Code, a party that prevails in a contract suit and recovers damages is entitled to an award of attorney's fees. *See Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653, 655–56 (Tex. 2009) (stating that, to recover attorney's fees under Civil Practice and Remedies Code Chapter 38, party must "prevail on a cause of action for which attorney's fees are recoverable").

Procedure because this Motion was filed within 30 days of the final order;

3. The Court finds that plaintiff's counsel and plaintiff committed sanctionable conduct after entry of the Order dismissing their case by refusing to attend and by failing to notify ABIC's counsel of their refusal to attend the properly requested and noticed examination under oath on January 30th;

4. The Court finds that ABIC incurred attorney's fees relating to the examination under oath that plaintiff and plaintiff's counsel should reimburse.

In accordance with the Court's findings, the following rulings are issued:

1. The Court denies Defendant's Motion to Modify Judgment;

2. The appraisal is abated until such time as the requested examinations under oath have been completed; and

3. ABIC is entitled to reasonable and necessary costs and attorney's fees in the amount of $3,954.12 for the refusal of plaintiff, plaintiff's wife and plaintiff's counsel to appear for the Examinations Under Oath.

IT IS ORDERED and ADJUDGED that the appraisal be abated until such time as plaintiff complies with the request of ABIC to take the insureds' examinations under oath; and plaintiff and/or plaintiff's attorney must pay $3,954.12 as sanctions for their wrongful conduct.

The trial court then filed findings of fact and conclusions of law. Regarding the "sanctionable conduct" identified in the order, the trial court made the following findings and conclusions:

8

## Findings of Fact

1.29. After the dismissal, defendant [ABIC] properly requested the examination under oath of the insureds for January 30th.

1.30. The notice was properly served on plaintiff's [Phillips's] counsel and on the insureds directly. (Mrs. Phillips is not a party to the suit nor represented by counsel.)

1.31. [ABIC's] counsel sent two letters and numerous emails to the plaintiff's counsel asking if the insureds were going to appear at the noticed examinations under oath.

1.32. Plaintiff's counsel refused to confirm or deny whether plaintiff (named insured), his wife (named insured but not a plaintiff to the suit) and plaintiff's counsel would appear as noticed.

1.33. Defendant's counsel drove from Fort Worth to Hempstead and appeared for the examinations under oath, but plaintiff, plaintiff's counsel and Mrs. Phillips (named insured) refused to appear and produce the documents requested.

1.34. Plaintiff's counsel reason for the insureds' refusal to appear was "[w]e never told her [carrier's counsel] we would appear."

1.35. Defendant filed a motion to modify the judgment to seek recovery of its attorneys' fees under Rule 91a and under Chapter 38A on February 13, 2018.

. . . .

1.42. The court again denied defendant's request to modify the judgment to award fees for the dismissal.

1.43. Plaintiff's counsel acted improperly in instructing the insured's not to attend their examinations under oath.

1.44. Plaintiff's counsel acted improperly in failing to advise defendant's counsel that they would not appear.

9

1.45. Plaintiff's counsel knowingly wasted the time of defense counsel by refusing to inform her that they would not appear.

1.46. Sanctions are proper for the conduct of plaintiff's counsel in interfering with the carrier's rights to gather information and documents concerning the loss.

1.47. Sanctions are proper against the insureds for failing to appear without excuse at the examinations under oath.

1.48. Proper sanctions are: reimbursement of attorneys' fees and expenses for taking the certificates of nonappearance and abatement of the appraisal pending the insured's cooperation with the request for examination.

1.49. Defendant's counsel incurred reasonable and necessary attorney's fees and costs of $3,954.12 for attending the examinations under oath and taking certificates of non-appearance.

**Conclusions of Law**

. . . .

2.1.6. Defendant properly noticed the insureds for an examination under oath.

2.1.7. Sitting for an examination under oath is a condition precedent to suit. Refusing to sit for an examination under oath constitutes failure to cooperate and failure to meet a condition precedent to suit.

2.1.8. Defendant incurred unnecessary expenses and costs based on the plaintiff's failure to cooperate and comply with a condition precedent under the policy.

2.1.9. The conduct of plaintiff's counsel violated the Texas Rules of Disciplinary Conduct. The specific violations are:

2.2. A lawyer shall keep a client reasonably informed about the status of the matter and promptly comply with reasonable requests for information.

10

2.3. A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make an informed decision regarding the representation.

2.3.1. The conduct of plaintiff's counsel violate[d] Rule 3.04 of the ethical rules which provides:

A lawyer shall not:

> Unlawfully obstruct another party's access to evidence; in anticipation of a dispute unlawfully alter, destroy, or conceal a document or other material that a competent lawyer would believe has potential or actual evidentiary value; or counsel or assist another person to do such act.

2.3.2. The insureds, including plaintiff Thomas Phillips failed, without explanation, to attend the requested examinations under oath.

2.3.3. The proper sanction for conduct of plaintiff, plaintiff's wife and plaintiff's counsel is the award of reasonable and necessary attorney's fees.

On appeal, Phillips challenges the trial court's sanctions award against him.

**Trial Court's Plenary Power**

In his first issue, Phillips contends that the trial court was without authority to award the sanctions against him because it lacked plenary power at the time it signed the post-judgment order on ABIC's motion to modify judgment. *See Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("After a trial court loses plenary power, however, it has no authority to award sanctions."). We disagree that the trial court did not have plenary power at the time it awarded the sanctions.

11

A trial court retains jurisdiction over a case for 30 days after it signs a final judgment or order. TEX. R. CIV. P. 329b(d). During this period, the trial court has plenary power to modify its judgment, but, after 30 days has passed, the trial court loses its plenary power, and lacks jurisdiction to act in the case. *See Martin*, 176 S.W.3d at 392 (citing *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988)). However, a party can extend the trial court's plenary power by filing an appropriate post-judgment motion, such as a motion to modify, correct, or reform the judgment, within 30 days after the trial court signs the final judgment or order. *See* TEX. R. CIV. P. 329b(a), (g). The timely filing of an appropriate post-judgment motion extends the trial court's plenary power "until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." TEX. R. CIV. P. 329b(e).

A timely motion to modify extends the trial court's jurisdiction over its judgment up to an additional 75 days, depending on when or whether the court acts on the motions. *Martin*, 176 S.W.3d at 392 (citing TEX. R. CIV. P. 329b(c); *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex. 1985)). If a motion to modify a judgment is not denied in a written order, then the motion is overruled by operation of law 75 days after the trial court signs the judgment. TEX. R. CIV. P. 329b(c), (g). The trial court retains plenary power to alter its judgment for 30 days after the

12

motion to modify is overruled by written order or by operation of law. TEX. R. CIV. P. 329b(c), (e).

Here, the trial court signed the final judgment of dismissal on January 18, 2018. Less than 30 days later, on February 13, 2018, ABIC timely filed its motion to modify the trial court's judgment. *See* TEX. R. CIV. P. 329b(a), (g). The trial court then had 75 days from January 18, 2018 (that is, April 3, 2018) to rule on the motion, or the motion would be overruled by operation of law. *See* TEX. R. CIV. P. 329b(c), (g). The trial court's plenary power continued during this 75-day period. *See Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The trial court overruled the motion to modify and signed the order awarding sanctions against Phillips on February 22, 2018, well within its plenary power. *See* TEX. R. CIV. P. 329b(c), (g).

We overrule Phillips's first issue.

## Sanctions Award

In his second and third issues, Phillips challenges the trial court's award of sanctions against him.

### A.    Standard of Review

We review the imposition of sanctions under an abuse-of-discretion standard. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). An appellate court may reverse the trial court's ruling only if the trial court acted

without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.* We will not find an abuse of discretion in awarding sanctions if some evidence supports the trial court's decision. *Id.*

In reviewing a sanctions order for an abuse of discretion, we are not bound by a trial court's findings of fact and conclusions of law. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). Any "findings of fact" made by a trial court in support of a sanctions order are not treated on appeal as findings under Rule 296 of the Rules of Appellate Procedure. *Clark v. Bres*, 217 S.W.3d 501, 513 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). In other words, our review of a sanctions order is not limited to evaluating the sufficiency of the evidence supporting a trial court's findings. *Liles v. Contreras*, 547 S.W.3d 280, 287 (Tex. App.—San Antonio 2018, pet. denied). Rather, we must conduct an independent review of the entire record to determine whether there has been an abuse of discretion. *Am. Flood Research*, 192 S.W.3d at 583; *Liles*, 547 S.W.3d at 287. The purpose of findings made following the imposition of sanctions is to assist the appellate court in its analysis, assure judicial deliberation, and enhance the deterrent effect of the sanctions order itself. *Liles*, 547 S.W.3d at 287.

## A. Analysis

Phillips and his counsel did not appear for the EUO, which had been unilaterally scheduled by ABIC after the trial court signed the judgment of

dismissal. The trial court ordered Phillips "and/or" his attorney to pay $3,954.12 as sanctions, an amount representing the attorney's fees incurred by ABIC for its attorney to attend the EUO.

Phillips argues that the trial court abused its discretion in assessing sanctions because the suit had been dismissed, and the EUO was not related to any pending or ongoing judicial matter, including the trial court's enforcement of its judgment or enforcement of its jurisdiction. Phillips points out that the post-judgment EUO was outside the trial court's oversight; there was no court order requiring or regulating the EUO. Instead, the EUO was contemplated by the insurance policy to aid ABIC in its investigation of Phillips's insurance claim.

When the trial court imposed the sanctions, there was no request for sanctions pending. ABIC had requested sanctions in its motion to dismiss the suit, asserting Phillips's petition was frivolous and citing Rule of Civil Procedure 13 and Chapters 9 and 10 of the Civil Practice and Remedies Code. However, ABIC stated on the record during the hearing on the motion to dismiss that it was not pursuing sanctions. After the case was dismissed, ABIC filed its motion to modify the judgment. ABIC requested attorney's fees in the motion to modify, but it did not request sanctions in the motion.

In its order on the motion to modify, in which sanctions were assessed, the trial court identified the "sanctionable conduct" as the failure of Phillips and his

15

attorney to attend the EUO. Specifically, the order states that the trial court found Phillips and his attorney "committed sanctionable conduct after entry of the Order dismissing their case by refusing to attend and by failing to notify ABIC's counsel of their refusal to attend the properly requested and noticed examination under oath on January 30th." The sanctions awarded were the amount of attorney's fees ABIC claimed to have incurred for its attorney to attend the EUO.

Although the order specifies the factual basis for the sanctions, the trial court's order does not specify the legal basis for the sanctions award. By his arguments on appeal, Phillips contends there is no valid legal basis for the sanctions against him. After reviewing the possible legal bases for the sanctions, we agree that no legal basis supports the sanctions against Phillips.

Chapter 10 of the Civil Practice and Remedies Code authorizes sanctions against one who signs a frivolous pleading or motion, and Rule of Civil Procedure 13 permits sanctions against one who signs a groundless pleading or motion. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE §§ 10.001–.006. Chapter 9 also precludes parties from filing pleadings that are groundless and allows the trial court to award sanctions against a party who files such a pleading.[4] *See* TEX. CIV. PRAC. & REM. CODE. §§ 9.011–.012. As discussed, ABIC abandoned its claim for

---

4    Chapter 9 only applies in proceedings in which neither Rule 13 nor Chapter 10 applies. TEX. CIV. PRAC. & REM. CODE § 9.012(h).

16

sanctions under Chapters 9 and 10 and under Rule 13 at the hearing on the motion to dismiss. In addition, the trial court's order shows that the sanctions were assessed based on Phillips's failure to appear at the EUO, not based on frivolous or groundless pleadings.

The only remaining legal basis to support the trial court's sanctions award would be the court's inherent authority.[5] A trial court possesses the inherent authority to impose sanctions for a bad faith abuse of the judicial process even when the specific conduct is not covered by a rule or statute. *See In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (holding that courts possess inherent power to discipline attorney's behavior); *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398–99 (Tex. 1979) (recognizing that court has inherent power to impose sanctions to aid in exercise of its jurisdiction, in administration of justice, and in preservation of its independence and integrity). This inherent power exists to enable courts to effectively perform their judicial functions and to protect their dignity, independence, and integrity. *Darnell v. Broberg*, 565 S.W.3d 450, 460 (Tex. App.—El Paso 2018, no pet.).

A trial court may exercise this inherent authority as necessary to deter, alleviate, or counteract a bad faith abuse of the judicial process. *Liles*, 547 S.W.3d

---

[5] Discovery abuses can also result in sanctions, *see* TEX. R. CIV. P. 215.1–5, as can the failure to deliver copies of pleadings and motions to other parties to an action, TEX. R. CIV. P. 21b. However, neither scenario is applicable here.

at 290. This includes sanctions imposed for interference with a court's traditional core functions, which include hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, rendering final judgment, enforcing its judgment, managing its docket, and issuing and enforcing its orders. *Id.* at 290–91.

Here, Phillips's non-attendance of the EUO did not interfere with the trial court's traditional core functions. ABIC did not request Phillips to attend the EUO until after the suit had been dismissed. No orders were in place relating to the EUO. Nothing in the record indicates that the EUO was being conducted under the trial court's auspices, supervision, or control. Instead, the EUO requirement is found in the insurance policy between Phillips and ABIC. The policy required Phillips to submit to an EUO, if requested by ABIC, to aid in determining the extent to which the damage to his home is a covered loss under the policy. Thus, because the EUO was not part of the judicial process in this case, the trial court could not use its inherent authority to sanction Phillips for failing to attend the EUO.

A court may also use its inherent power to impose sanctions for conduct that, if tolerated, "breeds disrespect for and threatens the integrity of our judicial system." *In re Bennett*, 960 S.W.2d at 40. Here, the trial court cited the Disciplinary Rules of Professional Conduct to support the imposition of sanctions

18

for Phillips's failure to appear at the EUO. Specifically, the trial court made the following conclusions of law:

> 2.1.9. The conduct of [Phillips's] counsel violated the Texas Rules of Disciplinary Conduct. The specific violations are:
>
> > 2.2. A lawyer shall keep a client reasonably informed about the status of the matter and promptly comply with reasonable requests for information.
> >
> > 2.3. A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make an informed decision regarding the representation.[6]
> >
> > 2.3.1. The conduct of [Phillips's] counsel violate[d] Rule 3.04 of the ethical rules which provides:
> >
> > A lawyer shall not:
> >
> > > Unlawfully obstruct another parties access to evidence; in anticipation of a dispute unlawfully alter, destroy, or conceal a document or other material that a competent lawyer would believe has potential or actual evidentiary value; or counsel or assist another person to do such act.[7]

Related to these conclusions, the trial court found that Phillips's counsel "acted improperly in failing to advise [ABIC's] counsel that they would not appear [at the EUO]" and that Phillips's counsel "knowingly wasted the time of defense counsel by refusing to inform her that they would not appear [at the EUO]." The

---

[6] Conclusions of law 2.2 and 2.3 match the language of Texas Rule of Professional Conduct 1.03. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.03, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. A.

[7] *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.04(a).

19

trial court also found that Phillips's attorney "acted improperly in instructing [Phillips] not to attend [the] examinations under oath."

The Disciplinary Rules do not empower or otherwise operate as a source of authority to impose sanctions but have been cited by courts in conjunction with a court's inherent authority to sanction inappropriate attorney conduct. *See Greene v. Young*, 174 S.W.3d 291, 298 n.3 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *see also In re Terminix Int'l*, Co., 131 S.W.3d 651, 653–54 (Tex. App.—Corpus Christi 2004, orig. proceeding) (imposing sanctions pursuant to court's inherent power to sanction for conduct in course of original proceeding that violated Rules of Professional Conduct); *Johnson v. Johnson*, 948 S.W.2d 835, 840–41 (Tex. App.—San Antonio 1997, writ denied) (relying on appellate court's inherent power to discipline attorney misconduct, which violated Rules of Professional Conduct, to support imposing sanctions against attorney for disparaging remarks about trial court). In any event, a violation of the Disciplinary Rules by Phillips's attorney cannot be attributed to Phillips, his non-lawyer client. *Cf. Darnell v. Broberg*, 565 S.W.3d 450, 467 (Tex. App.—El Paso 2018, no pet.) (holding that it was appropriate to sanction attorney alone and not his client when sanctionable acts were those commonly within control of an attorney and his office and all sanctionable conduct was undertaken by attorney). Thus, we conclude that

there was no legal basis for the trial court to sanction Phillips for his failure to appear at the EUO.

Finally, we are mindful that the imposition of sanctions must be in accordance with due process. *Nath*, 446 S.W.3d at 363. In short, "a sanction must be neither unjust nor excessive." *Id.* To be a just sanction requires a direct relationship between the offensive conduct, the offender, and the sanction imposed. *Id.* A sanction is just if it is directed against the abusive conduct "with an eye toward remedying the prejudice caused to the innocent party," and is "visited upon the true offender." *Id.*

Here, the trial court expressly identified Phillips's attorney as the motivating force behind Phillips's failure to appear at the EUO. In its findings of fact, the trial court found that the attorney improperly instructed Phillips not to appear at the EUO. Phillips should not be faulted for following the professional advice of his counsel. Nothing in the record suggests that Phillips had any nefarious motivation with respect to the EUO or that he did anything other than rely on his attorney's instruction. We conclude that sanctioning Phillips was unjust because the record shows him not to be the "true offender" with respect to the sanctionable conduct. *See TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (recognizing that party should not be punished for counsel's conduct in which

party is not implicated apart from having entrusted its legal representation to counsel).

\* \* \* \*

In sum, there was no legal basis to sanction Phillips, and the sanctions imposed against him are not just. Thus, we hold that the trial court abused its discretion by sanctioning Phillips.[8] We sustain Phillips's second and third issues.

---

[8] We do not decide whether sanctioning Phillips's attorney was appropriate. The notice of appeal does not list the attorney as an appellant, nor did the attorney file his own notice of appeal. We note that courts of appeals have held that an attorney who wishes to appeal sanctions must either join in a party's notice of appeal or file his own. *See Benavides v. Knapp Chevrolet, Inc.*, No. 01-08-00212-CV, 2009 WL 349813, at \*3 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.) (concluding sanctioned attorney who did not file notice of appeal was not entitled to relief on appeal); *see also Sluder v. Ogden*, No. 03-10-00280-CV, 2011 WL 116058, at \*2 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (mem. op.) (concluding court lacked jurisdiction over sanctioned attorney's appeal where attorney failed to properly file notice of appeal); *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, \*2 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (same); *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.) (dismissing appeal of attorney sanctions for want of jurisdiction when party lacked standing to appeal and notice of appeal did not list attorney as appellant).

## Conclusion

We reverse the trial court's award of $3,954.12 in sanctions against Phillips and render judgment that ABIC take nothing from him with respect to the sanctions. We affirm the remainder of the judgment.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.