# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00937-CV

**In re Kai Nonamé**

### ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Pending before the court is relator Kai Nonamé's emergency motion for temporary relief pending original habeas corpus and mandamus proceeding. The motion is sought to stay enforcement and contempt proceedings set for hearing on December 16, 2025, together with related orders in the underlying suit affecting the parent-child relationship. By its terms, the motion is ancillary to an original proceeding which has yet to be filed. Specifically, relator asserts that she is "presently preparing a detailed original Petition for Writ of Habeas Corpus and Mandamus," but maintains that "because the trial court's enforcement setting precedes the completion and filing of the habeas petition, immediate temporary relief is required to prevent unlawful incarceration and further denial of Petitioner's due process, preserve this Court's jurisdiction, and protect the minor child from ongoing emotional and psychological harm." We dismiss the motion for want of jurisdiction.

Rule 52.10 of the Texas Rules of Appellate Procedure provides that the reviewing court in an original proceeding "may without notice grant any just relief pending the court's

action on the petition." Tex. R. App. Proc. 52.10(b). As our peer courts have held, implicit within the rule is the necessity for a petition to be filed before the appellate court can grant emergency relief. *In re Terminix Intern., Co.*, 131 S.W.3d 651, 653 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (citing *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, no pet.). The rule allows the reviewing court to "address the dispute encompassed within a petition for mandamus … by maintaining the status quo until it can address that dispute." *Id*.; *see also In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding)). Unless or until a petition is filed, there is no dispute before the Court and we therefore lack the power to act under the rule. *Id*.

Because Nonamé has not commenced an original proceeding, we lack jurisdiction to grant the motion for temporary relief. Accordingly, we dismiss the motion for want of jurisdiction but without prejudice to refiling following commencement of an original proceeding.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Filed: December 5, 2025

2